(Lucas County Common Pleas.)

THE HOME BUILDING & LOAN COMPANY v. WILLIAM H. HOSKINS and CORA B. HOSKINS.

---

*Motion to retax costs of sheriffs on order of sale—*

(1). Appraisers' fees returned at $1.00 each: Held, that statute fixes fee at 50 cts. per day.

(2). Swearing appraisers 40 cts. each: Held, no fee provided by statute.

(3). Revenue stamp required by act of congress: Held, a proper charge.

(4). One per cent. poundage on amount of sale: Held, that this is provided for by sec. b 1230 as amended April 25, 188.

---

PRATT, J.

The next matter that I have is a motion to re-tax costs on the order of sale, in the case of the Building & Loan Co. v. Hoskins. These are costs returned by the sheriff in his return as having been taxed, and this motion is to re-tax them as to four different items.

The first item is, appraisers' fees, taxed at three dollars, or one dollar each.

The order in the case is to the sheriff "to advertise and sell as upon execution". Section 5420, Revised Statutes fixes the fee of the appraisers in such cases at fifty cents per day for services. There is no evidence to show that they served more than one day, and there is no chance for dispute, as it seems to me, although an argument was made against the motion. It seems to me perfectly clear that the amount provided by the statute is fifty cents per day and no more, and that in this respect the motion should be granted.

The second item in dispute is the swearing of the appraisers, which stands charged at forty cents each, or $1.20.

Section 5389, Revised Statutes, requires the officer who makes the levy to administer an oath to the appraisers, but it provides for no fee to him for doing so, it simply requires him

to do something without compensation and as an officer he is of course bound to do it, and can get no fees not provided by the statute. That item should be stricken out.

The third item is the revenue stamp, $1.50, required under the new war tax.

There is no provision, of course, in the statutes of the state in reference to this, because this tax has been imposed since the adjournment of the state legislature. The question was asked at the last term of court, as to the practice under the former statute; and I, without being able with any definite certainty to remember, answered that my impression was—and it still is—that under the old revenue statute, in existence in 1861 to 1869, the revenue stamp was allowed to be charged as a part of the sheriff's costs and taxed as such and paid out of the proceeds of the property, and it seems to me it that was the case, it was right and correct so far as the principle is concerned, this being a levy made by the government of the United States upon the transfer of property. If the party himself made a deed of the property, of course he would be compelled to pay that tax. The deed is now made by the sheriff, simply by force of law, in place of being made directly by the party. There is no reason why the sheriff should pay it out of his own pocket, and there is apparently no other means of paying it, and it seems to me proper and just that it should be taxed against the party who would be compelled to pay it if he himself had made the conveyance; and that item will be allowed.

The next, and really the most important question in this motion, and, I may say, the only one about which I have had any trouble, is this question of poundage.

This property was sold for $1100. The mortgagee, the Building & Loan Company, foreclosed the mortgage and bid in the property in its own name, paying no part of the consideration, except of course, a few dollars, such as would be the amount of the costs. Of course the whole practice of the court,

as far as I had any knowledge of it, was to only allow poundage upon the amount of money actually handled; and, when this matter came up, I called at once upon counsel for the sheriff to show me some authority for making a charge here of $11.00, or one per cent. upon the amount of the bid, without reference to the payment, and counsel very promptly referred me to a statute passed last winter. I had not found out all that the legislature did last winter, but this is section 1230 b was amended April 25, 1898. Section 1230 was the original section providing for the sheriff's fees, and it is found in Bates here as it has stood for many years, back certainly to 1830, and I think for twenty years before that time; and that provides as follows: "poundage on all moneys actually made and paid to the sheriff, on execution, decree or sale of real state (except on writs for the sale of real estate in partition), one and a half percentum on the first thousand dollars, and one per centum on all sums over one thousand dollars; but when such real estate is bid off and purchased by a party entitled to a part of the proceeds the sheriff shall not be entitled to any poundage except on the amount over and above the claims of such party". Now the statute of last winter, this 1230 b, was passed subsequent to 1230, without any change in section 1230; but the provision in section 1230 b, as subsequently passed, and as it stood in 1893, and I think in 1896, reads exactly the same as the original section: Exactly why the same provision was put into section 1230 b, which applies to all counties having a population of 22,500 or over -- and therefore includes this county -- it is not easy to see, unless there was some change in some other items of the fee bill; but here are these two provisions that had stood for many years and had been acted upon. Not within my recollection, when attempts have been made by a sheriff to get poundage upon the whole amount, and it has been contested, has it been allowed, because they were not entitled to them; but now comes this section 1230 b, as amended April 25, 1898, and this

provison in that section, as now amended, reads as follows:

"Poundage on the amount of all sales, except.in writs for the sale of real estate in partition, made by the sheriff on executions, decree, cr sale of real etate one percentum thereof."

Now there has been considerable argument before me, pro and con, as tc the propriety of this action and as to whether it leaves the compensation of the sheriff more or less, but this court has nothing to do with those considerations; such considerations must be addressed tc the legislature. Here is the statute, which is plain, with no rcom for construction; it is there, and that is all I can say about it and all I have a right to say.

The consequence is, that the motion, so far as this item is concerned, must be overruled. The first two items of the motion will be granted, and as to the other items, it will be denied.

Hamilton & Kirby, for Motion.

King & Tracy, contra.